IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| J.P. MORGAN CHASE BANK<br>*Plaintiff,*<br><br>v.<br><br>DAVID THORSTED,<br>*Defendant.* | CASE NO. 3:13-cv-00005<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

## I. INTRODUCTION

This matter is before the court upon Plaintiff J.P. Morgan Chase Bank's ("Plaintiff") motion to remand to state court. Plaintiff originally brought an unlawful detainer action in Orange County General District Court against Defendant David Thorsted ("Defendant") based on a foreclosed deed of trust. On January 23, 2013, Defendant removed the case to this court under 28 U.S.C. § 1441, asserting federal question jurisdiction under 28 U.S.C. § 1331. Defendant contends that the foreclosure sale violated the Fourteenth Amendment and various federal statutes. Plaintiff moves to remand pursuant to 28 U.S.C. § 1447(c) based on lack of subject matter jurisdiction.

## II. DISCUSSION

The law regarding removal based on federal question jurisdiction is well established. Cases filed in state court can be removed only when a plaintiff could have filed the case in federal court originally. 28 U.S.C. § 1441(a); *Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 163 (1997). "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville &*

*Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Federal question jurisdiction cannot rest on a defense to the claim or upon actual or anticipated counterclaims. *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

This case was filed originally in state court as an unlawful detainer based on state law. There is nothing on the face of the complaint that presents a federal question. Any defenses to the unlawful detainer or any counterclaims that Defendant may bring cannot confer federal question jurisdiction upon this Court. *See Vaden*, 556 U.S. at 60; *Fed. Nat'l Mortg. Ass'n v. Goode*, No. 4:11-cv-00016, 2011 WL 3349810 (W.D. Va. 2011). Thus, this Court lacks jurisdiction to hear the case, and it shall be remanded to Orange County General District Court.

### III. CONCLUSION

For the aforementioned reasons, Plaintiff's motion to remand shall be granted. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Defendant and all counsel of record.

Entered this __25th__ day of March, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE